IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**GRISELDA MENDOZA GOMEZ**,

    Plaintiff,

    v.

**THRIVE LIFESTYLE SERVICES, LLC**,

    Defendant.

No. 3:12-cv-00766-ST

OPINION AND ORDER

**MOSMAN, J.**,

On July 18, 2014, Magistrate Judge Stewart issued her Findings and Recommendations ("F&R") [122] in the above-captioned case, recommending that a judgment be entered denying Defendant Thrive Lifestyle Services, LLC's ("Defendant") Motion for Imposition of Sanctions and granting its Motion for Summary Judgment. On August 12, 2014, Plaintiff Griselda Mendoza Gomez ("Plaintiff") filed Witness Statements, which Judge Stewart determined should be construed as objections to the July 18, 2014 F&R. On August 26, 2014, Defendant filed a timely response to Plaintiff's objections.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Defendant lists a number of objections, together with supporting authority, arguing why it believes the court should not consider Plaintiff's Witness Statements. Among those objections are that the Witness Statements submitted lack any declaration or sworn statement as to the veracity of the testimony in the documents, the Witness Statements were not filed within the time period required by FRCP 72 for objecting to the F&R, and the Witness Statements fail to identify any explicit or implicit objections to the F&R. Def. Resp. [130] at 3, 9. I choose not to decide any of these objections today because even if I were to set aside all of Defendant's objections, I would still find that Defendant's Motion for Summary Judgment should be granted for the reasons set forth in Judge Stewart's F&R.

Judge Stewart's F&R was based on the accepted, undisputed facts in Defendant's Motion for Summary Judgment, as well as the conclusively established facts from Defendant's requests for admissions that Plaintiff failed to respond to in a timely manner. FRCP 36(a)(3), 56(e). Plaintiff's Witness Statements do not challenge any of the material undisputed facts from Defendant's Motion for Summary Judgment and also, by rule, are insufficient to challenge the now conclusively established facts contained in Defendant's requests for admissions. FRCP

36(a)(3), 36(b). At best, Plaintiff's Witness Statements show that Maria Uribe, Defendant's employee, was an unkind and unpleasant supervisor, and that an ALJ determined that Plaintiff was not fired for misconduct.

These facts are insufficient to affect any of the conclusions in Judge Stewarts F&R. Showing that Maria Uribe was unpleasant does not rebut the conclusion that Uribe had no power to hire and fire employees, and that there was no nexus between any discriminatory opinions that Uribe may or may not have had towards Plaintiff and the decision to terminate Plaintiff. Showing that an ALJ determined that Plaintiff was not fired for misconduct does not rebut the conclusion that she was also not fired based on her national origin or citizenship (claim one), or her use of the Oregon workers' compensation system (claim two). As an at will employee, she could have been fired for any number of reasons that would not qualify as misconduct, prohibited discrimination, or as retaliation for invoking workers' compensation system. What remains undisputed, on this record, is the absence of any evidence of discriminatory animus by relevant decision makers.

Because Plaintiff has failed to rebut any of the factual bases of the F&R, I agree with Judge Stewart's recommendation, and I ADOPT the F&R [122] as my own opinion.

IT IS SO ORDERED.

DATED this __15th__ day of September, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER